THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv86

| | |
|---|---|
| BRANDON MICHAEL PICKENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Payment of Attorney's Fees. [Doc. 18].

I.  **PROCEDURAL HISTORY**

The Plaintiff Brandon Michael Pickens initiated this action on April 13, 2011, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on June 29, 2011. [Doc. 6]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of the administrative record.

[Doc. 12]. The Government in response consented to remand. [Doc. 15]. On December 9, 2011, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 16].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") of $1,910.00, representing 8.00 attorney hours at the rate of $125.00 per hour and 14.00 paralegal hours at the rate of $65.00 per hour. [Doc. 18]. In response, the Government states that it does not oppose the award requested by the Plaintiff. [Doc. 19].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a "prevailing party" in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA specifically defines a "party," in pertinent part, as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). In the present case, the Plaintiff claimed a net worth significantly less than $2,000,000 at the time of filing [see Doc. 2-1], and thus, he may be considered a proper "party" under the EAJA.

Furthermore, because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

As noted above, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. In this regard, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the parties have agreed that the Plaintiff should be awarded a total of $1,910.00 in fees based on the

statutory rate of $125.00 per hour for work performed by counsel and a rate of $65.00 per hour for work performed by a paralegal.  Upon careful review of counsel's time sheet and affidavit, the Court finds that the number of hours claimed by the Plaintiff's attorney and his paralegal are reasonable. Accordingly, the Court concludes that the Plaintiff's requested fee is justified.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Payment of Attorney's Fees [Doc. 18] is hereby **GRANTED**, and the Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $1,910.00 for attorney's fees and expenses awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS SO ORDERED.**

Signed: January 12, 2012

Martin Reidinger
United States District Judge